**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

GLOBAL WEATHER PRODUCTIONS, LLC and MAXWELL OLSON,

Plaintiffs,

v.

LARRY MOSKOWITZ, P.A.,

Defendant.

**CASE NO.: 0:26-cv-62153**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEFE DEMANDED)**

GLOBAL WEATHER PRODUCTIONS, LLC ("GWP") and MAXWELL OLSON ("Olson"), by and through their undersigned counsel, hereby bring this Complaint against Defendant LARRY MOSKOWITZ, P.A. ("Defendant") for damages and injunctive relief, and in support thereof state as follows:

**SUMMARY OF THE ACTION**

1. Plaintiffs bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to reproduce, publicly perform, and distribute their original copyrighted work of authorship.

2. Olson brings additional claims for Defendant's removal of his copyright management information ("CMI") and Defendant's addition of false copyright management information.

3. Defendant LARRY MOSKOWITZ, P.A. ("Defendant") is a law firm specializing in personal injury and property damage law, according to its website. At all times relevant herein, Defendant owned and operated the Facebook account located at the URL

https://www.facebook.com/WindyLawFirm, and the website located at the URL https://windylaw.com/.

4. Plaintiffs allege Defendant copied their respective copyrighted Works from the internet in order to advertise, market and promote its business activities. Defendant committed the violations alleged in connection with Defendant's business.

**JURISDICTION AND VENUE**

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a), and because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**DEFENDANT**

9. Larry Moskowitz, P.A. is a professional association with a principal place of business located at 400 SE 9th Street, Fort Lauderdale, Florida 33316, and can be served by serving its registered agent, Neal Moskowitz, at 4013 N Ocean Drive, Apt. 114, Lauderdale by the Sea, Florida 33308.

**PLAINTIFFS**

10. GWP is a professional videography company. GWP manages and stores Miachel Brandon Clement's collection of copyrighted works, overseeing the distribution of his creative pieces to various individuals and organizations. This arrangement allows for centralized control

and administration of Clement's intellectual property, streamlining the licensing and distribution of his works across different media platforms.

11. MICHAEL BRANDON CLEMENT ("Clement") is an award-winning videographer and drone pilot that has licensed content to hundreds of media outlets globally. He has been documenting extreme weather for almost 30 years. He has been featured on Netflix, HBO and many other documentaries. His company WxChasing has a well-established brand and large following on social media. His content has amassed Billions of views. Clement has assisted with first responders, charities and regularly provides ground truth to the National Weather Service and major media outlets relaying vital information to the public.

12. JONATHAN PETRAMALA ("Petramala") is a professional storyteller and has a degree in journalism. He has a large social media network following documenting his stories during and after major weather events. Petramala has worked from local to national media spanning more than two decades and has performed water rescues, pulled people trapped from tornado debris and helped people out of a trapped car. His content has been viewed hundreds of millions of times and been licensed to news outlets globally. Petramala was also the writer and director in multiple documentaries and been featured in other documentaries. Jonathan has been a professional journalist for over 20 years and shifted his focus to extreme weather and storytelling in 2018. Since then, he has chased a variety of events, including flash floods, tornadoes, and hurricanes. His first tornado chase was in Tescott, Kansas, in May 2018 during a severe weather outbreak, and he intercepted his first major hurricane, Hurricane Florence, later that same year.

13. GWP is a Wyoming Limited Liability Company. GWP was founded May 31, 2023. Michael Brandon Clement is the sole proprietor/owner of GWP.

14. GWP owns the rights, titles, and interests of Clement and Petramala's copyrighted works.

15. GWP's videos of extreme weather events are frequently copied, downloaded, and reuploaded by infringers. GWP's videos are a popular and frequent source of footage of weather events that cannot be obtained elsewhere. This makes GWP a frequent target for infringers and pirates.

16. GWP's affiliate company, WxChasing, also owned by Clement, operates a popular and valuable YouTube channel on the YouTube platform. As of the filing of this Complaint:

17. WxChasing has over 170,000 subscribers and 250 videos on its channel on YouTube; the most popular WxChasing video had over 8.5 million views; had over 395,000 Followers and 299,000 Likes on Facebook; had over 28,000 Followers and 970 Following on Twitter; had over 4900 Followers and 180 Following on Instagram; and had over 2,500 Followers and 60 Following with 74,000 Likes.

18. GWP's videos are viewed by substantial numbers of Florida residents who also view advertising placed on the videos on those channels by the streaming platform.

19. MAXWELL OLSON is a storm chaser, videographer, and photographer who has captured some of the most recognizable storm images on the planet. He developed a proprietary storm camera that captured what is widely considered the best storm surge video ever recorded. Olson has assisted directly with disaster victims and in first response after tornadoes. His content has been licensed by many news outlets globally and he has been featured in numerous documentaries including "The Price of Paradise" on Amazon. Olson has had a lifelong passion for severe weather. By kindergarten, the Tornado Video Classics VHS tapes became more watched than cartoons, and every birthday consisted of dozens of new weather books. Growing up in

Colorado allowed for a wide variety of weather to be experienced. From blizzards to hail storms and occasionally landspout tornadoes, it was a perfect environment to drive his ever-growing passion. Olson went on his first storm chasing trip to the plains in 2007 and has returned every year since to document the most intense weather nature has to offer. He also enjoys creating short documentaries along the way and has developed a successful YouTube following over the years.

20. Plaintiffs' videos of extreme weather events are frequently copied, downloaded, and reuploaded by infringers. Plaintiffs are popular and frequent sources of footage of weather events that cannot be obtained elsewhere. This makes Plaintiffs frequent targets for infringers and pirates.

21. Plaintiffs operate popular and valuable YouTube channels on the YouTube platform.

**THE COPYRIGHTED WORKS AT ISSUE**

22. In 2024, Clement created the film entitled "01-09-24 Panama City Beach, FL-Drone of tornado damage, homes and businesses destroyed.," which is referred to individually herein as the "Tornado Work."

23. Clement and Petramala transferred and assigned to GWP all of their rights, titles, and interests in the Tornado Work.

24. The Tornado Work was registered with the Register of Copyrights on April 4, 2024, and was assigned registration number PA 2-467-024.

25. At all relevant times, GWP was the exclusive owner of the Tornado Work.

26. In 2020, Olson created the film entitled "Extreme Zeta Throws Building in the Air.," which is referred to individually herein as the "Zeta Work."

27. The Zeta Work was registered with the Register of Copyrights on November 22, 2020, and was assigned the registration number PA 2-272-958.

28. Prior to publication of the Zeta Work, Olson applied CMI to the Zeta Work in the form of a visible watermark reading "Max Olson Chasing" in the bottom left corner of the Zeta Work (the "Watermark"). A screenshot of the Zeta Work, as published by Olson, is shown in paragraph 67, below.

29. At all times relevant herein, Olson was the exclusive owner of the Zeta Work.

30. The Tornado Work and the Zeta Work are referred to collectively herein as the "Works."

31. The Works' respective registration certificates are attached hereto as **Exhibit 1**.

## UNAUTHORIZED ACTIONS BY DEFENDANT

32. Defendant has never been licensed to use the Works at issue in this action for any purpose.

33. On or about December 29, 2025, GWP discovered the unauthorized use of the Tornado Work on Defendant's Facebook Page.

34. On a date after the Tornado Work was created, but prior to the filing of this action, Defendant copied the Tornado Work by posting it on its Facebook account with a caption reading, "Video shot by a drone, shows the damage in Panama City Beach, Florida, after tornados ripped through early Tuesday morning. This happened just days after Ft. Lauderdale experienced tornados touching down, however, the damage sustained in Bay and Gulf Counties is far more severe! After Hurricane Michael in 2018, our law firm helped hundreds of clients deal with the aftermath of the storm and dealing with their insurance companies. Just as then we already have "boots on the ground" and stand ready to help our clients and homeowners affected by today's storm. If your home or business was damaged -- contact us today at 844-88-WINDY for a free consultation. We have the resources to connect you with the right professionals to help you clean up, restore, and

rebuild." The specific post has the URL: https://www.facebook.com/reel/734693145389978 (the "Facebook Page").

35. Defendant copied GWP's Tornado Work without GWP's or the authors' permission.

36. On or about August 3, 2026, Olson discovered the unauthorized use of the Zeta Work on Defendant's Website.

37. On a date after the Zeta Work was created, but prior to the filing of this action, Defendant copied the Zeta Work by posting it on its website with the URL https://windylaw.com/hurricane-claims/hurricane-milton/ (the "Website"), and with a caption reading, "No recovery, No Fees. No Cost. No Obligation. If we do not recover money damages for you, you will owe us nothing." and provided a link for potential customers to sign up for what Defendant describes as a "Free Inspection."

38. Defendant copied the Zeta Work without Olson's permission.

39. After Defendant copied the Works, Defendant made further copies and distributed the Works on the internet to promote Defendant's law firm.

40. Defendant copied the Works in order to advertise, market and promote its law firm, grow its social media subscriber bases, earn money from advertising to its social media followers and those visiting its Website, and to engage in other money-making business activities using Plaintiffs' copyrighted media content.

41. Defendant committed these violations alleged in connection with Defendant's business for purposes of advertising to the public, including its social media viewers in Florida, in the course and scope of Defendant's business.

42. Defendant committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 2**.

43. Plaintiffs never gave Defendant permission or authority to copy, distribute or display their respective Works.

44. On March 3, 2026, GWP notified Defendant of the allegations set forth herein regarding the Tornado Work via a demand letter. On March 10, 2026, a representative for Defendant responded to GWP's demand letter. Defendant's acknowledgment of the letter indicates its awareness of the allegations set forth herein with respect to the Tornado Work.

45. On April 20, 2026, Plaintiff, through counsel, attempted to engage in early resolution discussions with Defendant regarding its infringement of the Tornado Work. Defendant failed to respond to Counsel's April 20, 2026 communication.

46. On April 29 and May 14, Counsel followed up on the April 20, 2026 communication. Defendant did not respond to either of those follow-ups.

47. As of the filing of this Complaint, Defendant continues to display and exploit GWP's Tornado Work on the Facebook Page. Such continued conduct, despite notice, constitutes willful infringement. Defendant also continues to display and exploit Olson's Zeta Work on Defendant's Website as of the filing of this Complaint.

48. Defendant knew or had reason to know that its conduct constitutes Copyright Infringement.

49. Knowing that its conduct is copyright infringement, Defendant continues to exploit the Works in reckless disregard and willful blindness to Plaintiffs' copyright ownership rights.

50. To date, the Parties have failed to resolve this matter.

## CMI VIOLATIONS BY DEFENDANT

51. Defendant has never been authorized to remove Olson's Watermark from the Zeta Work, and has never been authorized to add its own CMI to the Zeta Work.

52. When Defendant copied the Zeta Work, it removed Olson's Watermark and added its own law firm logo to the Zeta Work. A screenshot of Defendant's removal of Olson's Watermark is shown in Count II below, and a screenshot of Defendant's addition of its law firm logo is shown in Count III below.

53. Defendant's law firm logo, conveyed in connection with Olson's Zeta Work, constitutes copyright management information as defined in 17 U.S.C. § 1202(c).

54. Defendant subsequently copied the Zeta Work, publicly performed the Zeta Work, and made further copies and distributed the Zeta Work on the internet without Olson's permission.

55. Defendant added its own logo indicating that it was the owner of the Zeta Work.

56. Defendant knowingly added its logo to indicate that it is the rightful owner of the copyrighted content displayed on its Website.

## COUNT I
## COPYRIGHT INFRINGEMENT OF THE WORKS

57. Plaintiffs incorporate the allegations of paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Plaintiffs own valid copyrights in the Works at issue in this case.

59. Plaintiffs registered the Works at issue with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

60. Defendant copied, displayed, and distributed the Works at issue and made derivatives of the Works without either Plaintiff's authorization in violation of 17 U.S.C. § 501.

61. Defendant performed the acts alleged in the course and scope of its business activities.

62. Defendant's acts are willful.

63. Plaintiffs have been damaged.

64. The harm caused to Plaintiffs is irreparable.

**COUNT II**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**
**FROM THE ZETA WORK**

65. Olson incorporates the allegations of paragraphs 1 through 56 of this Complaint as if fully set forth herein.

66. The Zeta Work at issue contained Olson's CMI, when originally published by him, in the form of his Watermark in the bottom left corner of the video.

67. Defendant knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Zeta Work in violation of 17 U.S.C. § 1202(b). A screenshot of the Zeta Work, as published by Olson with his Watermark intact, is shown below:




68. Defendant's unauthorized use of the Zeta Work with Olson's Watermark removed is shown below:




69. By posting the edited copy of the Zeta Work to its Website, Defendant distributed copies of the Zeta Work knowing that copyright management information had been removed or altered without the authority of Olson or the law.

70. Defendant committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Olson's rights in the Zeta Work, which is protected under the Copyright Act

71. Defendant caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Olson's rights in the Zeta Work, which is protected under the Copyright Act.

72. Olson has been damaged.

73. The harm caused to Olson has been irreparable.

## COUNT III
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION TO THE ZETA WORK

74. Olson incorporates the allegations of paragraphs 1 through 56 of this Complaint as if fully set forth herein.

75. Defendant's use of the Zeta Work contains false CMI.

76. Defendant knowingly and with the intent to enable or facilitate copyright infringement, added false CMI to the Zeta Work at issue in this action in violation of 17 U.S.C. § 1202(a) by placing its logo over the top of its unauthorized use of the Zeta Work. A screenshot of Defendant's law firm logo placed on the Zeta Work is shown below:




77. By posting the edited copy of the Zeta Work for the advertising and promotion of the law firm's business, Defendant distributed copies of the Zeta Work to third parties, which included false CMI conveyed in connection with the Zeta Work.

78. Defendant committed these acts knowing or having reasonable grounds to know that it would enable, facilitate, or conceal infringement of Olson's rights in the Zeta Work.

79. Olson has been damaged.

80. The harm caused to Olson has been irreparable.

WHEREFORE, Plaintiffs GLOBAL WEATHER PRODUCTIONS LLC and MAXWELL OLSON pray for judgment against Defendant LARRY MOSKOWITZ, P.A. that:

A. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

B. Defendant be required to pay Plaintiffs' actual damages and Defendant's profits attributable to the infringement, or, at Plaintiffs' election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

C. Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

D. Plaintiffs be awarded pre- and post-judgment interest; and

E. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: August 5, 2026

Respectfully submitted,

*/s/ George N. Colville*
GEORGE N. COLVILLE
Bar Number: 1060046
george.colville@sriplaw.com

JOEL B. ROTHMAN
FL Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
786.297.8709 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Global Weather Productions, LLC*